IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re: John Kelly Diegel,

    Debtor.

Case No. 23-40383-7

**United States Trustee's Motion for
Examination of Transactions with Attorneys**

Under 11 U.S.C. § 329(b) and Fed. R. Bankr. P. 2017(a), the United States Trustee moves the Court to examine the debtor's transactions with Troy Berberick of Berberick Law Office and for the return of excessive or unreasonable fees.

## Background

The United States Trustee has learned that attorney Troy Berberick of Berberick Law took an in-house counsel position and closed his solo practice on July 1, 2023. Despite having closed his practice for over two weeks, Berberick caused this chapter 7 bankruptcy to be filed on July 18, 2023.[1] To date, Berberick has not sought to withdraw from the case. No substitution of counsel has been filed and no other attorney has appeared on behalf of the Debtor.

---

[1] Doc. #1.

1

Case 23-40383    Doc# 13    Filed 10/16/23    Page 1 of 7

The first meeting of creditors was scheduled for August 15, 2023.[2] Berberick failed to appear at the first meeting of creditors and the Debtor elected to proceed with the meeting without the benefit of counsel. The first meeting was concluded on August 15, 2023.[3]

The Statement of Financial Affairs[4] and Official Form B2030[5] indicate that the Debtor paid $1,100 to Berberick for representation in this bankruptcy case. It appears Berberick failed to diligently represent his client, thereby diminishing the value of the legal services, and calling into question the reasonableness of the fee.[6]

## Law and Argument

The provisions of the Bankruptcy Code and the Bankruptcy Rules that regulate attorney fees are designed to protect debtors against overreaching attorneys.[7] Section 329 "assigns to the bankruptcy court

---

[2] Doc. #6.

[3] Doc. #11.

[4] Doc. #1 at 40.

[5] *Id.* at 60.

[6] *See In re Hanawahine*, 577 B.R. 573 (Bankr. D. Hawaii 2017) (reasonable value of legal services was less than zero where firm's unreasonable delay resulted in garnishment of debtors' wages). *See also, In re Banks*, Case No. 17-10456 2018 WL 735351 (W.D. La., Feb. 6, 2018).

[7] *Walters v. Burd (In re Walters)*, 868 F.2d 665, 668 (4th Cir.1989).

the task of determining the reasonable value of the services provided by a debtor's attorney. That reasonable value is not…always the price that a willing debtor has agreed to pay a willing attorney in the marketplace, for by enacting sections 329 and 330 of the Code, Congress placed limits on the role the market will be permitted to play in setting professional fees in bankruptcy cases."[8]

A bankruptcy court may determine whether a lawyer's compensation for services rendered in a bankruptcy case exceeds the reasonable value of those services and order a return of any excessive fees.[9] Any party in interest may move the court to determine the propriety of a debtor's attorney fees.[10]

Once a question of the reasonableness of counsel's fee is raised, the attorney bears the burden of proving the fee was reasonable.[11] The reasonableness of fees is determined under the standards set forth in Bankruptcy Code section 330.[12] In determining the reasonableness of a

---

[8] *In re Ostas,* 158 B.R. 312, 320 (Bankr. N.D.N.Y. 1993).

[9] 11 U.S.C. § 329(b).

[10] Fed. R. Bankr. P. 2017.

[11] *In re Wood*, 408 B.R. 841, 848 (Bankr. D. Kan. 2009) (citation omitted).

[12] *Id.* ("The Court applies the standards set forth in § 330(a)(3) to determine the reasonableness of fees, considering the nature, extent, and value of the services rendered and taking into account all relevant factors, including time spent on the

given fee, the Court should consider the competence of the performance and the nature of the services.[13] Other relevant considerations include "the attorney's legal experience and the failure or success in accomplishing [the] desired result on the debtor's behalf,"[14] and whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.[15]

In reviewing attorney fees under §§ 329 and 330, courts compare the compensation received with the value of the services actually rendered.[16] Even when compensation has been previously agreed to, it can still be considered excessive if the attorney's conduct diminishes the value of the legal services.[17] If the court determines the attorney fees are excessive, it may cancel the compensation agreement between the

---

services, rates charged, and customary compensation of comparably skilled attorneys in other cases.")

[13] *In re Grant*, 14 B.R. 567, 569 (Bankr. S.D.N.Y. 1981).

[14] *In re Ostas*, 158 B.R. at 323.

[15] *In re Wood*, 408 B.R. at 848.

[16] *See, e.g., In re Parsons*, 2010 Bankr. LEXIS 2934 *12–15 (Bankr. D.N.M. 2010); *In re West*, 2008 Bankr. LEXIS 3133 *49 (Bankr. E.D. Ark. 2008).

[17] *In re Wood*, 408 B.R. at 848.

attorney and the debtor, or it may order the return of the excessive portion.[18]

An attorney representing a debtor in bankruptcy "must be prepared to assist that debtor through the normal, ordinary and fundamental aspects of the process."[19] Appearance at the first meeting of creditors is of special importance. As one Court explained:

> Nor can an attorney apply his professional knowledge and skills without attending the first meeting of creditors. By filing the petition in bankruptcy, the attorney sets in motion a series of events, including the first meeting of creditors, which exposes a layperson to a potential plethora of legal hurdles. The layperson will be exposed to questioning by a professional trustee and attorneys representing creditors. The layperson may be asked to take certain actions. In response, the layperson, acting out of ignorance or feeling that there was no need for an attorney to represent him, may say or do something to his or her detriment. Having initiated the process, an attorney must shepherd the client through it, to its conclusion.[20]

Berberick readily accepted $1,100 from the Debtor and filed the case after he closed his law practice and moved to an in-house counsel

---

[18] *Id.*

[19] *In re Castorena*, 270 B.R. 504, 530 (Bankr. D. Idaho 2001).

[20] *In re Bancroft*, 204 B.R. 548, 551 (Bankr. C.D. Ill. 1997).

position. Due to his new employment, Berberick reasonably should have known that he would not be available to provide adequate representation to the Debtor and the Debtor was left without representation he paid for at the first meeting of creditors. The Court should examine the fee charged.

## Conclusion

The Court should examine the fee charged to the Debtor to determine whether the amount charged exceeded the reasonable value of services rendered or to be rendered and, to the extent excessive, order the return of such payment.

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By: /s/ *John W. Nemecek*
John W. Nemecek
Trial Attorney
Admitted in Michigan, P71371
Appearing under 28 U.S.C. § 515(a)
301 N. Main St., Suite 1150
Wichita, KS 67202
316-269-6216 (phone)
John.Nemecek@usdoj.gov

# CERTIFICATE OF SERVICE

I certify that on October 16, 2023, a true and correct copy of this **Motion to Examine** was electronically filed with the Court using the CM/ECF system, which sends notification to all interested parties participating in this case through the CM/ECF system.

Further, I certify that a copy was served by First Class U.S. Mail, postage prepaid and properly addressed to the following:

John Kelly Diegel
2721 SW Moundview Dr.
Topeka, KS 66614

Troy A. Berberick, Esq.
P.O. Box 456
Topeka, KS 66601

By: *John W. Nemecek*